IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
4:10-CR-73-BR-1

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | **ORDER OF DETENTION PENDING** |
| ) | **TRIAL** |
| BRANDON DAVID WALLER, ) | |
| ) | |
| Defendant. ) | |

This case came before the court today for hearing on the government's motion, pursuant to 18 U.S.C. § 3142(f), to detain defendant pending trial. The government presented the testimony of an agent with the United States Secret Service, and defendant the testimony of the proposed third-party custodian, his mother. The court also reviewed the pretrial services report. After careful consideration pursuant to 18 U.S.C. § 3142(g) of the credible information and argument submitted, and based on the findings and reasons stated below and in open court, the court finds by a preponderance of the evidence that there is no condition or combination of conditions that will reasonably assure defendant's appearance as required, and by clear and convincing evidence that there is no condition or combination of conditions that will reasonably assure the safety of any other person and the community before trial. The government's motion is therefore GRANTED.

**Background**

Defendant was indicted on 1 September 2010 for making counterfeit United States currency on or about 15 December 2009 in violation of 18 U.S.C. § 471 (count 1), and possessing and passing counterfeit United States currency on or about 15 December 2009 in violation of 18 U.S.C. § 472 (count 2). The evidence presented at the hearing showed that the charges arise from a controlled purchase of counterfeit currency from defendant by a confidential informant on the alleged offense

date. The purchase was audio and video recorded. The residence at which the purchase occurred, defendant's residence, was then searched pursuant to a search warrant. The search located in the residence a photocopier, uncut sheets of counterfeit currency and, on defendant's person, the genuine currency used in the controlled purchase to buy the counterfeit currency. Alignment lines of the photocopier screen matched markings on the counterfeit currency. Defendant's estranged wife informed police that defendant produced counterfeit currency to purchase drugs, some of which he apparently consumed himself and some of which he sold for genuine currency. In statements to police, defendant insisted that he had been framed.

## Discussion

The law requires that defendant be detained pending trial based on the following principal findings and reasons: evidence showing that the government has a strong case, including the evidence reviewed above; the fraud-related nature of the offenses charged; the circumstances of the offenses charged, including defendant's use of counterfeit currency to facilitate drug trafficking and defendant's commission of the alleged offenses while on state probation; defendant's criminal record, including four felony convictions (one for assault by strangulation of his estranged wife), sixteen misdemeanor convictions, probation revocations on three dates in multiple cases, and defendant's commission of all four offenses to which he later pled guilty while on probation; defendant's history of polysubstance abuse; the danger defendant presents to his estranged wife in particular as a potential witness against him in this case; the unsuitability of the proposed third-party custodial arrangement due to the high degree of flight risk and risk of danger presented by defendant, and the proposed custodian's absence from the home for work; and, as indicated, the other findings and reasons stated in open court.

The court considered evidence offered as mitigating, but finds that the factors favoring detention outweigh such evidence. For example, defendant's considerable family ties to the local area do not offset the risks of flight and danger otherwise presented so as to enable the court to adequately address these risks through conditions.

## Conclusion

IT IS THEREFORE ORDERED that defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

This, the 26th day of May 2011.

James E. Gates
United States Magistrate Judge